## HOUSSELS v. JACOBS, Appellant.

### Division One, December 23, 1903.

1. **Partnership and Co-Owners.** The common ownership of property does not of itself create a partnership between the owners, though they use it for the purpose of making gains; and they may, without becoming partners, agreé among themselves as to the management and use of the common property and the application of the proceeds. If the agreement is not to employ common property in a joint venture, and the owners are not to share in profits and losses, their joint ownership of the property does not make them partners.

2. ———: DISTRIBUTION OF PROCEEDS: EXECUTORY CONTRACT: ASSIGNMENT. The sole owner of cattle, by written contract, sold absolutely and unconditionally an undivided half-interest therein for $36,237.50, which amount the purchaser agreed to pay in the manner and form therein provided, and the remaining part of the contract related to the means by which the purchaser was to meet and pay the consideration. *Held,* that they were co-owners, not co-partners, and as there was nothing to be done or performed in future that in anywise changed the obligation to pay or the relations they sustained to each other, the contract was not executory, but assignable, and enforcible by the assignee.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*T. N. Robertson* and *J. K. Hansbrough* for appellant.

(1)   The contract giving rise to this litigation was founded in, and involved the relation of, personal trust and confidence, and was assigned to plaintiff, while still executory, by J. H. Houssels, one of the parties thereto, without the consent of W. H. Jacobs & Co., the other contracting party. Such assignee of such a contract can not recover thereon. 2 Am. and Eng. Ency. of Law (2 Ed.), pp. 1036 and 1037; Pollock on Contracts (4

Ed.), p. 425; Lansden v. McCarthy, 45 Mo. 106; Boykin v. Campbell, 9 Mo. App. 495; Hardy Implement Co. v. Iron Works, 129 Mo. 222; Anson, Contracts (2 Am. Ed.), 218; White v. Ryan, 93 Mo. App. 336; Humble v. Hunter, 12 Q. B. (Adolphus and Ellis) 310; Robson v. Drummond, 2 B. and Ad. 303; King v. Batterson, 13 R. I. 117; Devlin v. N. Y., 63 N. Y. 9; Fortunato v. Patten, 147 N. Y. 277; Winchester v. Howard, 97 Mass. 303; Hilton v. Crooker, 30 Neb. 717; Sloan v. Williams, 138 Ill. 43; Randall v. Chubb, 46 Mich. 311; Advertising Co. v. McGraw & Co., 89 Md. 72; Ark. Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379; Delaware County v. Deibold Safe Co., 133 U. S. 473; Burk v. Taylor, 152 U. S. 634. (2) The contract sued on constituted the parties thereto, J. H. Houssels and W. H. Jacobs & Co., partners in the venture of feeding and selling the cattle therein mentioned; and the transfer by J. H. Houssels of all his interest in the contract and business to plaintiff on December 3, 1899, before the adventure was at an end, operated, *ipso facto,* a dissolution of the partnership, and annulled the contract, except as a basis for an accounting between the tenants in common, up to the date of the assignment and dissolution. 1 Lindley on Partnership,* p. 12; 3 Kent 24, 28; George on Partnership, pp. 55, 56; McClay v. Williams, 48 Mo. 234; Myers v. Field, 37 Mo. 434; Bank v. Altheimer, 91 Mo. 190; Chouteau v. Priest, 12 Mo. App. 252; Torbert v. Jeffrey, 161 Mo. 645; Camp v. Montgomery, 75 Ga. 795; Couch v. Woodruff, 63 Ala. 466; Johnson v. Rothchilds, 63 Ark. 526; Quinn v. Quinn, 81 Cal. 14; Cumpston v. McNair, 1 Wend. (N. Y.) 643; Cothran v. Marmaduke, 60 Tex. 372. The transfer of J. H. Houssels' interest in the contract to plaintiff, *ipso facto,* dissolved the partnership. Story on Partnership (6 Ed.), secs. 307, 308; Allen v. Logan, 96 Mo. 600; Vincent v. Veiths, 60 Mo. App. 15; Wiles v. Maddox, 26 Mo. 86; Horton's Appeal, 13 Pa. St. 13; Whetton and Hulbert v. Smith, 1 Freeman (Chy.) Miss. 231;

Parkhurst v. Kinsman, 1 Blatch. 488; Marquard v. N. Y. Mfg. Co., 15 Johns. 525; McCall v. Moss, 112 Ill. 493; Carroll v. Evans, 27 Tex. 262; Miller v. Brigham, 50 Cal. 615.

*Percy Werner* for respondent.

(1) The contract in question did not involve the *delectus personae.* It was a mere sale of an undivided half-interest in a lot of cattle. Leahy v. Dugd'ale, 27 Mo. 437. Any contract which does not expressly stipulate for the personal services, knowledge, skill and experience of another, is assignable. Empire Paving & Const. Co. v. Prather's Admr., 58 Mo. App. 490. (2) The contract in question created no partnership. The parties simply became owners in common of a lot of cattle, with the right of management and disposition vested in one of them. Asby v. Shaw, 82 Mo. 76; Donnell v. Harshe, 67 Mo. 170.

BRACE, P. J.—This is an appeal from a judgment of the St. Louis City Circuit Court in favor of the plaintiff, in an action by attachment, for the sum of $7,629.93, from which the defendant appeals.

The petition, omitting caption, is as follows:

"Plaintiff says that at the times hereinafter mentioned the defendant, W. H. Jacobs, and one Louis A. Snow, were partners together doing business under the firm name and style of W. H. Jacobs & Co., and that defendant is not a resident of the State of Missouri.

"That heretofore, to-wit, on the 15th day of October, 1899, the said W. H. Jacobs and said Louis A. Snow, as such partners as aforesaid, entered into a contract, in writing, with one J. H. Houssels, whereby in consideration of the sale unto them, to-wit, said Jacobs and Snow, as such partners, of a one-half interest in twenty-two hundred and thirty head of steers, then located in the pens of the Consumers' Cotton Oil Com-

pany, at Little ·Rock, in the State of Arkansas, the said Jacobs and Snow, as such partners, agreed to pay therefor unto the said Houssels the sum of $36,237.50. That, in part payment of the price by them as aforesaid agreed to be paid for said cattle, the said defendant and said Snow, as such partners, agreed to assume the payment of one-half the amount of a certain note, amounting to the sum of $46,066.28, together with the amount of one-half the interest on said note, at the rate of eight per cent per annum, from and after the 4th day of October, 1899, until the payment of the said note.

"Plaintiff further says that in and by said agreement the said Jacobs and Snow, as such partners, further agreed that for the amount of the price of the one-half interest in the cattle aforesaid above the amount of said note, they would execute and deliver unto the said Houssels a promissory note to be paid out of the proceeds of the sale of said cattle when the same had been sold and disposed of.

"Plaintiff further says that in and by said agreement the said J. H. Houssels undertook and agreed to feed the said cattle, and the said Jacobs and Snow, as such partners, promised and agreed with said Houssels to pay unto him one-half of the cost of such feeding, together with interest at the rate of eight per cent per annum on all sums of money which the said Houssels might advance, and pay for them on account of the cost and expense of such feeding.

"That in and by the said agreement the said defendant Jacobs and the said Snow, as such partners, agreed to assume and pay one-half of a certain freight bill for the transportation of the said cattle from the town of Vernon, in the State of Texas, to the city of Little Rock, Arkansas, the amount of such freight bill being in said agreement stated to be approximately the sum of $4,225.50.

"Plaintiff further says, that by the said agreement, the said defendant, Jacobs and Snow, as such partners,

as aforesaid, further agreed that in the event their one-half interest in the said steers should not realize a sufficient amount of money upon the sale thereof, to liquidate all of the above-mentioned indebtedness, then that they would execute and deliver unto the said Houssels their promissory note for the amount of such deficiency, and that in said agreement it was provided that the said note should become due and payable on or before the 1st day of April, A. D., 1900, and also that the said note should be amply secured.

"Plaintiff further says that in said agreement, it was also provided that the management and disposition of the said cattle should be vested in the said J. H. Houssels.

"Plaintiff says that the said agreement was subscribed by the said J. H. Houssels and by the said firm and partnership of W. H. Jacobs & Co., said defendant W. H. Jacobs then and there signing the said firm name thereto in behalf of the said firm.

"Plaintiff says that thereafter, to-wit, on the 3d day of December, 1899, the said J. H. Houssels transferred and assigned all of his interest in the above contract unto the plaintiff, whereby this plaintiff became the owner of all the interest of the said J. H. Houssels in and to the said agreement, and plaintiff says that he is now the owner and holder of the said interest and entitled to all of the rights of the said J. H. Houssels therein, and that he is further entitled to enforce the said contract as completely as the said J. H. Houssels might have done if he had not made the assignment aforesaid.

"Plaintiff further says that the said Jacobs and Snow, as such partners, have not kept and fulfilled the promises, agreements and stipulations by them made and entered into in the contract aforesaid, and have failed to perform their said promises and undertakings, in this, to-wit:    First, that they did fail to pay the one-half of the note aforesaid of $46,066.28, mentioned in

said contract, and did fail to execute and deliver to the said J. H. Houssels, or to this plaintiff, their promissory note, or any other obligation, for the amount of the remainder of the price agreed to be paid by them as above stated for a one-half interest in the cattle aforesaid; and, next, in that they have entirely failed and neglected to pay the amount of one-half of the freight for the transportation of the cattle aforesaid from Vernon, Texas, to Little Rock, Arkansas, as agreed by them, or any part of the cost of feeding said cattle.

"Plaintiff further says that by virtue of the right in said contract given to, and vested in, the said J. H. Houssels, to manage and dispose of the said cattle, said J. H. Houssels has sold and disposed of the same.

"Plaintiff says that upon such disposition of the cattle aforesaid, there was realized therefor only the sum of $81,941.80, and that the half interest of the said firm of W. H. Jacobs & Co. in said proceeds was the sum of $40,970.90.

"That the said J. H. Houssels paid the freight for transporting the said cattle, to-wit, the sum of $4,326.10. That he also paid for feeding the said cattle and labor for handling the same, the sum of $17,286.06, and that said Houssels also paid for interest on the note aforesaid the sum of $2,241.66. That the said firm and partnership and the said defendant Jacobs, individually, became indebted unto the said Houssels for the amount of one-half of the said moneys by him paid for freight, labor, feeding and interest, to-wit, in the sum of $11,926.91.

"That the said partnership and the said W. H. Jacobs, individually, being indebted and bound unto the said Houssels for the price of the one-half interest in the cattle aforesaid, to-wit, the sum of $36,237.50, said partnership and said Jacobs, individually, became, and at the time when said cattle were disposed of, were indebted unto said J. H. Houssels and unto this plaintiff as his assignee, in the total sum of $48,164.41.

"That after applying to the said indebtedness the amount of one-half of the proceeds of the said cattle, to-wit, the said sum of $40,970.90, there still remains due and owing by the said firm of W. H. Jacobs & Co. and by the said W. H. Jacobs, individually, under the terms of said contract, the sum of $7,193.51, which amount of money this plaintiff says he is entitled to have and re-cover of the said defendant herein, in virtue of the assignment to him as aforesaid, by the said J. H. Houssels.

"The particulars of said debt are shown in the account annexed, marked 'Exhibit A.'

"And the plaintiff further says, that inasmuch as the said firm of W. H. Jacobs & Co. and the defendant have failed and refused to execute a note for the amount of the said indebtedness, with security, as in said contract provided, an action has accrued to him to presently recover from them the amount of the indebtedness mentioned, and the plaintiff accordingly prays judgment for the said sum of $7,193.51, together with lawful interest thereon, and also for the costs of this action."

The answer is a general denial. The case was tried before the court without a jury. There was no conflict in the evidence, which tended to prove all the material allegations of the petition.

The contract between the parties, recited in the petition, and the assignment thereof, is as follows:

"State of Texas, County of Wilbarger, ss.

"This contract entered into between J. H. Houssels, party of the first part, and W. H. Jacobs & Co., consisting of W. H. Jacobs and L. A. Snow, parties of the second part, wherein said party of the first part, for and in consideration of the sum of $36,237.50, has sold unto the parties of the second part an undivided one-half interest in twenty-two hundred and thirty head of steers, now located in the pens of the Consumers' Cotton Oil Company, Little Rock, Arkansas.

"Said consideration of $36,237.50 to be paid as follows: Said parties of the second part hereby assume

the payment of one-half of a certain note or notes amounting to $46,066.28, and payable to the Evans-Snyder-Buel Company of St. Louis, Missouri, together with one-half the interest on said sum of money from the 4th day of October, 1899, at the rate of eight per cent per annum until paid. For the remainder of said consideration for one-half interest in above-mentioned steers, the parties of the second part do hereby agree to execute to the said party of the first part their certain promissory note to be paid out of the proceeds of said cattle when same are sold. Said party of the first part agrees to feed out said cattle at his own expense, and said parties of the second part agree to pay to the said party of the first part one-half of all expenses paid or that may be paid by said party of the first part with eight per cent interest on same.

"It is further agreed by the said parties of the second part to assume one-half of the freight bill on the said 2230 head of cattle from Vernon, Texas, to Little Rock, Arkansas, numbering eighty cars, amounting to $4,225.50, giving their note from date of shipment for $2,112.75, being their one-half of the freight; that the expense bill for such expenses be attached to said notes. It is further agreed by the party of the second part, that in the event that when all of their one-half interest in said steers has been sold, there is not sufficient funds derived from said sale to liquidate all the above-mentioned indebtedness, then the said parties of the second part are to execute to the said party of the first part their promissory note for such unpaid amount. Said note to become due and be payable on or before the 1st day of April, 1900, and amply secured.

"The management and disposition of said cattle is vested in Mr. J. H. Houssels, party of the first part.

"By our respective signatures this contract is entered into and agreed upon in consideration of the aforesaid stipulations.

"Witness our respective signatures, this, the 15th day of October, 1899.

"J. H. Houssels,
"W. H. Jacobs & Co.,
"By W. H. Jacobs."

The assignment on said contract is as follows:

"For value received, I transfer the within or above contract to Robert Houssels, December 3, 1899.

"J. H. Houssels."

At the close of the evidence the defendant asked the following declarations of law:

"1. If the court shall believe and find, from the evidence, that the contract sued on involved the relation of personal trust and confidence reposed by W. H. Jacobs & Co., one of the contracting parties thereto, in J. H. Houssels, the other contracting party, and that the assignment of all his interest in the contract by said J. H. Houssels to plaintiff, was made while the contract was still executory, then said assignment, not alleged or shown to have been made with the knowledge and consent of W. H. Jacobs & Co., was void as to them; and plaintiff acquired no right of action on said contract against defendant, and the verdict and judgment herein must be for defendant.

"2. If the court shall believe and find, from the evidence, that the contract sued on contemplated a business venture, undertaken for the common and joint benefit and gain of the parties thereto, to be mutually shared by them as principals, then said contract created a partnership between W. H. Jacobs & Co. and J. H. Houssels, the parties thereto; and if the court shall further believe and find from the evidence that the assignment and transfer of all his interest in said contract by said J. H. Houssels to plaintiff, was made while said business venture was still in progress, then said assignment operated a dissolution of said partnership, and plaintiff acquired no such interest in said contract by

said assignment as entitled him to maintain this suit, and the verdict and judgment must be for defendant.

"3.  Under the pleadings and evidence, the verdict must be for defendant."

The court gave numbers 1 and 2, and refused number 3.  To the refusal of the court to give declaration number 3, the defendant excepted, and this is the only exception taken or saved, and the only error assigned.

The defendant contends that the court committed error in refusing this instruction for three reasons:

First.  Because, the contract forming the basis of the suit involved a relation of personal trust and confidence reposed by W. H. Jacobs & Co. in J. H. Houssels, and hence was not assignable without the consent of Jacobs & Co. on December 3, 1899, the same being then still executory.

Second.  Because, the contract constituted the parties thereto partners, and the assignment to plaintiff *ipso facto* dissolved the partnership and the partnership ceasing by reason of the assignment, the contract perished with it, except for the purpose of an accounting between the parties thereto.

Third.  Because, it is neither alleged in the petition nor shown by the evidence that the Evans-Snyder-Buel Company note was ever paid.

These objections are purely technical, and this appeal is entirely without merit.  The undisputed evidence is that the said J. H. Houssels duly performed his contract in manner and form as therein provided; that having done so, he rendered to the defendant an itemized statement of the account between them, showing that the proceeds of the sales of the undivided interest sold to Jacobs & Co., after payment of the freight and expenses therein provided for, failed to meet the liabilities therein incurred by them in the sum of seven thousand one hundred and ninety-three dollars and fifty-one cents.  The correctness of this account has never been questioned or impugned by the defendant; whose only

excuse for not paying, being that he was not able to pay, accompanied by an offer of a smaller amount. That his obligation to pay was assignable, is readily disclosed by a brief analysis of the contract.

By the first paragraph of the contract, J. H. Houssels, sole owner of the cattle, made an absolute and unconditional sale of an undivided one-half interest therein to Jacobs & Co. for the sum of $36,237.50, which amount the said Jacobs & Co. agreed to pay to said J. H. Houssels for such interest, in manner and form as thereinafter provided. The consideration for which Jacobs & Co. incurred this liability was not anything to be done or performed by J. H. Houssels *in futuro,* but for the interest which Jacobs & Co. then acquired in the cattle by the contract, and by virtue of which the cattle became the common property of the said J. H. Houssels and Jacobs & Co. as co-owners, but not as co-partners. The remaining portions of the contract have to do solely with the means by which the obligations of Jacobs & Co. under this contract were to be met and discharged, but in no way qualify those obligations or change the relations the parties sustained to each other. It is true that by the last paragraph of the contract the management and disposition of the cattle was given to J. H. Houssels, and if this was a matter of personal confidence, it was in fact personally discharged by him in accordance with the terms of the contract and to the satisfaction of the defendant, and he has no ground of complaint on that score, in any view that may be taken of the contract.

Moreover, neither the right thus given nor anything done in pursuance thereof, in accordance with the terms of the contract, could convert their common ownership into a co-partnership; for, as is well said in 22 Am. and Eng. Ency. of Law (2 Ed.), pp. 53 and 54: "It is clear that the common ownership of property does not of itself create any partnership between the owners of the property, though they use it for the purpose of mak-

ing gains, and they may even, without becoming partners, agree among themselves as to the management and use of the common property and the application of the product of its use. But an agreement to employ the common property in a joint venture in which the owners share in profits and losses as such, will constitute a partnership.'' The idea of a joint venture, and a community in profits and losses, as such, is sedulously excluded from this contract. While it provides for a disposition of the cattle, it deals simply with the undivided shares of Jacobs & Co. therein, and the proceeds thereof, and provides that such proceeds shall be applied to the discharge of their liabilities as set forth in the contract, and if they should be insufficient for that purpose, then Jacobs & Co. were to execute their note for the amount of such deficiency. With the profits and loss, as such, of both or either of the co-owners, the contract had nothing to do. There is no reason in law or in fact why this contract is not assignable.

As to the third objection it is only necessary to say that the fact that it did not appear that the Evans-Snyder-Buel Company note had been paid, is a matter of no consequence to the defendant. It is not claimed or pretended that Jacobs & Co. or the defendant ever paid that note or any part of it, or in fact ever paid a cent in any manner of any of the liabilities incurred by them under this contract. So far as any obligation was incurred by them in regard to that note, it was created solely by this contract and its satisfaction by the payment of the judgment herein will satisfy all the obligations of that contract.

The judgment of the circuit court is affirmed. All concur.